# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| CEASARE BOGGESS | ) |
| | ) |
| Movant, | ) |
| vs. | ) |
| | ) No. 11-00787-CV-W-FJG |
| | ) Crim. No. 05-00354-CR-W-FJG |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Pending before this Court is Movant's Motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (Doc. No. 1). The Court finds that it has jurisdiction over this matter.

Movant entered into plea negotiations with the Government, and pled guilty on February 2, 2006 to Count One of the Indictment for conspiracy to distribute 50 grams or more of cocaine base (Doc. No. 29 & 30 in Case No. 5-00354). The plea agreement contains a detailed factual investigation in which approximately 179 grams of cocaine base was recovered from Movant (Doc. No. 30). Through the plea agreement, Boggess waived his appeal and post-conviction rights (Doc. No. 30). On July 7, 2006, Boggess was sentenced to 120 months imprisonment (Doc. No. 39). This was the statutory minimum sentence. Boggess did not appeal. On July 30, 2008 Boggess filed a Motion to Reduce Sentence based on a retroactive change in the United States Sentencing Guidelines (Doc. No. 50). The Court determined that although Movant was correct in that the advisory Guidelines had been reduced, this had no pertinent effect on his case because the sentencing judge had imposed the statutory mandatory minimum sentence (Doc. No. 52). Therefore, Boggess's motion was denied.

Movant's present motion seeks a sentencing reduction under the Fair Sentencing Act ("FSA") (Doc. No. 1). The FSA alters the statutory penalty provisions for drug offenses involving crack cocaine. It was signed into law on August 3, 2010 and increases the amount of crack cocaine from 50 grams to 280 grams required to impose a ten-year statutory minimum sentence on offenders. Amendments to the Sentencing Guidelines became retroactive on November 1, 2011. Movant has filed the present motion seeking to receive the benefits of the change in statutory penalties by arguing that the new statutory scheme applies retroactively to him. To do otherwise, Movant contends, would frustrate congressional intent. Furthermore, Movant submits that the General Savings Clause and Ex Post Facto Clause do not preclude this retroactivity. Failure to apply the FSA retroactively would implicate Movant's Sixth and Eighth Amendment rights.

## JUDGMENT

The Court has reviewed Movant's motion (Doc. No. 1), Respondent's opposition (Doc. No. 4), and Movant's reply (Doc. No. 6).

This Circuit has definitively determined that the FSA does not apply retroactively. U.S. v. Sidney, 648 F.3d 904 (8th Cir. 2011); U.S. v. Duncan, No. 10-3737, 2011 WL 6152618 *1 (8th Cir. December 12, 2011); U.S. v. Bones, No. 11-1278, 2011 WL 5838671 *1 (8th Cir. November 21, 2011); Robeson v. English, No. 11-3237, 2011 WL 5920709 *1 (D. Minn. November 28, 2011) (noting that November 1, 2011 amendments to the advisory Guidelines became retroactive, but the FSA does not apply retroactively); U.S. v. Richardson, No. 11-2321, 2011 WL 6003952 *4 (D. Minn. November 30, 2011) (noting that amendments to the Sentencing Guidelines effective November 1, 2011, are not grounds

for relief where Movant was sentenced to the statutory minimum).[1] Furthermore, any re-sentencing that might occur due to the November 1, 2011 amendments should take place in the context of the underlying criminal case, pursuant to 18 U.S.C. § 3582(c)(2), and not through a motion under 28 U.S.C. § 2255. Wright v. U.S., No. 10-02329, 2011 WL 2898946 *4 (E.D. Mo. July 20, 2011). As such and due to this Circuit's previous findings that the FSA should not apply retroactively, Movant's Motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) is **DENIED**.

No evidentiary hearing will be held in this matter because the issues raised are resolvable by the record. Furthermore, movant will be denied a motion for certificate of appealability, in that the issues raised are not debatable among reasonable jurists, nor could a court resolve the issues differently.

Date: December 21, 2011     **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri     Fernando J. Gaitan, Jr.
    Chief United States District Judge

---

[1] The Court notes that the Supreme Court recently granted certiorari on the issue of the retroactive application of the FSA. Hill v. United States, 417 F.App'x 560 (7th Cir. 2011), cert. granted, –S.Ct–, 2011 WL 3472365 (U.S. Nov. 28, 2011) (No. 11-5721), and United States v. Fisher, 635 F.3d 336 (7th Cir. 2011), cert. granted sub nom Dorsey v. United States, – S.Ct.–, 2011 WL 3422126 (U.S. Nov. 28, 2011) (No. 11-5683).